# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

La'Mon Akemon,
   Petitioner

vs                                   Case No. 1:06cv166
                                         (Weber, S.J.; Black, M.J.)

Timothy Brunsman,
   Respondent

## REPORT AND RECOMMENDATION

This habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's *pro se* "Motion For Relief From Judgment" filed pursuant to Fed. R. Civ. P. 60(b). (Doc. 20). The motion was referred to the undersigned for ruling on December 11, 2007. (Doc. 21). Petitioner has submitted supplemental authority in support of the motion, and in accordance with an Order issued January 15, 2008, respondent has filed a memorandum opposing petitioner's motion. (*See* Docs. 24-26).

In his Rule 60(b) motion (Doc. 20), which was filed on November 8, 2007, petitioner requests relief from the Court's final order and judgment of September 28, 2007 denying petitioner's motion to stay proceedings, denying petitioner's petition for writ of habeas corpus with prejudice, and dismissing the action (*see* Docs. 16, 17). Petitioner filed a timely notice of appeal from the final order and judgment on October 18, 2006. (*See* Doc. 18). According to the Court's docket records, the Sixth Circuit has not issued any order regarding petitioner's appeal, which has been assigned an appellate case number; therefore, it appears that his appeal is still pending before that court.

As an initial matter, this Court has only limited jurisdiction to consider petitioner's Rule 60(b) motion while his appeal remains pending before the Sixth Circuit. It is well-settled that the "filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its jurisdiction over all matters except those in aid of or ancillary to the appeal." *Muhammad v. United States,* No. 1:04cv252, 2007 WL 2005559, at *1 (N.D.W.Va. July 9, 2007) (unpublished).[1]

Although at this time the Court lacks jurisdiction to rule on petitioner's Rule 60(b) motion, the Sixth Circuit permits district court review of such motions during the pendency of an appeal for the limited purpose of determining whether the court "would be inclined to grant the motion." *Reeves, supra,* 2007 WL 2381942, at *1; *cf. Muhammad, supra,* 2007 WL 2005559, at *1. In *Post,* 422 F.3d at 422, the Sixth Circuit explained:

> Under the rule in [*First Nat'l Bank of Salem v. Hirsch,* 535 F.2d 343 (6th Cir. 1976)], where a party wishes to file a Rule 60(b) motion but already has an appeal pending in this court, "the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion. . . ." *Id.* at 346 (citation omitted).

Therefore, in accordance with the procedure established in *Hirsch,* the undersigned will conduct a limited inquiry to determine whether or not petitioner's Rule 60(b) motion should be granted.

---

[1] *See also Post v. Bradshaw,* 422 F.3d 419, 421 (6th Cir. 2005) (district court lacked jurisdiction "to issue a final ruling" on a habeas petitioner's Rule 60(b) motion during the pendency of his appeal before the Sixth Circuit), *cert. denied,* 547 U.S. 1042 (2006); *Reeves v. Jensen,* No. 5:04cv194, 2007 WL 2381942, at *1 (W.D. Mich. Aug. 17, 2007) (unpublished) (citing *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res.,* 71 F.3d 1197, 1203 (6th Cir. 1995), and *Rucker v. United States Dep't of Labor,* 798 F.2d 891, 892 (6th Cir. 1986)).

Fed. R. Civ. P. 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . .;

(3) fraud . . ., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[2]

In contrast to Rule 60(b)(1)-(5), which "enumerate specific narrow circumstances in which relief from judgment can be granted, Rule 60(b)(6) is a catchall provision that permits courts to reopen a final judgment for 'any other reason'" justifying relief from the operation of the judgment. *Muhammad, supra*, 2007 WL 2005559, at *2.

Here, petitioner invokes the catchall provision set forth in Rule 60(b)(6) as

---

[2] Fed.R.Civ.P. 60(c) provides further: "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

3

the basis for relief.[3] Relief may be granted under this provision "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted)). As the Sixth Circuit further stated:

> "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. . . . The 'something more' . . . must include unusual and extreme situations where principles of equity *mandate* relief."

*Stokes*, 475 F.3d at 735 (quoting *Olle*, 910 F.2d at 365 (emphasis in original)); *see also Harbison v. Bell*, 503 F.3d 566, 569 (6th Cir. 2007), *petition for cert. filed*, No. 07-8519 (U.S. Dec. 21, 2007).

Moreover, the Supreme Court has held that relief is barred under Rule 60(b) if the motion constitutes a "second or successive" habeas petition under 28 U.S.C. § 2244(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which the federal district court lacks jurisdiction to review absent authorization from the court of appeals.[4] *See Gonzalez v. Crosby*, 545 U.S. 524,

---

[3] Although petitioner refers to Rule 60(b)(5) in his motion, he actually relies on the language found in the residual clause of Rule 60(b)(6). (*See* Doc. 20, p. 2). In any event, none of the enumerated circumstances covered in Rule 60(b)(1)-(5) are present in this case.

[4] Under 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

4

529-32 (2005).

"A Rule 60(b) motion is a second or successive habeas petition when it 'seeks vindication of' or 'advances' one or more 'claims.'" *Post,* 422 F.3d at 424 (quoting *Gonzalez,* 545 U.S. at 530-32). The Supreme Court has stated that in most cases, determining whether a Rule 60(b) motion constitutes a successive petition "will be relatively simple." *Gonzalez,* 545 U.S. at 532. For example, a "motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* "A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits.*" *Id.* (emphasis in original); *see also Post,* 422 F.3d at 424. "'On the merits' refers 'to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).'" *Post,* 422 F.3d at 424 (quoting *Gonzalez,* 545 U.S. at 532 n.4).

On the other hand, a Rule 60(b) motion does not constitute a successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding." *Gonzalez,* 545 U.S. at 532; *see also United States v. Carter,* 500 F.3d 486, 489 (6th Cir. 2007). The Supreme Court noted in *Gonzalez* that a motion falls in this category when it "merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez,* 545 U.S. at 532 n.4; *see also Post,* 422 F.3d at 424.

In this case, it appears that petitioner seeks relief from judgment in part on the ground that his counsel in the underlying state court proceedings, as well as the instant federal habeas action, were ineffective by failing "to recognize, argue and brief facts that Petitioner's plea is void because [of] judge participation in the plea negotiations; that trial counsel was 'actively' pursuing conflicting interests[;] and that Petitioner could not have understood the maximum sentence involved where neither the trial judge, prosecutor nor defense counsel did in light of the United States Supreme Court's pronouncements in *App[r]endi v. [New Jersey],* (200[0]), 530 U.S. 466; *Blakely v. Washington,* (2004), 542 U.S. 296[,] and the Ohio Supreme Court's announcement in *State v. Foster,* (2006), 109 OhioSt.3d 1, 845 N.E.2d [47]0. " (*See* Doc. 20, pp. 2-3).

5

This Court lacks jurisdiction to consider petitioner's Rule 60(b) motion to the extent petitioner seeks to attack the validity of his guilty plea or sentence based on new allegations of ineffectiveness by his counsel in the underlying state court proceedings, as well as the instant proceeding. In so pleading, petitioner seeks the vindication or advancement of "claims" setting forth additional grounds for finding that he is entitled to habeas corpus relief because of constitutional error stemming from his conviction or sentence; therefore, his motion, must be construed as a second or successive petition for habeas corpus relief within the meaning of 28 U.S.C. § 2244(b) and *Gonzalez*, 545 U.S. at 530-32.[5]

Petitioner further is unable to prevail on any claim that his habeas counsel's ineffectiveness amounted to a "defect in the integrity of the federal habeas proceedings," which may be considered by the Court as a ground for granting relief under Fed. R. Civ. P. 60(b). As the Supreme Court noted in *Gonzalez*, 545 U.S. at 532 n.5., "an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." In *Post*, 422 F.3d at 423-24, the Sixth Circuit also pointed out that the relief petitioner seeks based on such a claim is explicitly barred by 28 U.S.C. § 2254(i), which provides that "[t]he ineffectiveness or incompetence of counsel during the Federal ... collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

Finally, petitioner suggests in his Rule 60(b) motion that this Court erred in denying his motion to stay the instant proceeding while he exhausts state court remedies in pursuing relief on his "third motion to withdraw guilty plea, now

---

[5] Indeed, the Supreme Court explicitly upheld as "correct" a Second Circuit decision wherein it was determined that a Rule 60(b) motion seeking relief from judgment on the ground that "habeas counsel had failed to raise a Sixth Amendment claim" was "in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531 (citing *Harris v. United States*, 367 F.3d 74, 80-81 (2nd Cir. 2004)); *cf. Post*, 422 F.3d at 424-25 (holding that petitioner, who "was failed by his attorneys," could not obtain relief from judgment based on habeas counsel's failure to conduct discovery after obtaining leave to do so from the district court, because the Rule 60(b) motion was a successive petition "forbidden" by 28 U.S.C. § 2244(b) in that petitioner was pursuing a claim "lead[ing] inexorably to a merits-based attack on the prior dismissal of his habeas petition"); *see also Hourani v. United States*, 239 Fed.Appx. 195, 198 (6th Cir. Aug. 10, 2007) (not published in Federal Reporter); *Lott v. Bagley*, No. 1:95cv2642, 2005 WL 3481516 (N.D. Ohio Dec. 12, 2005) (unpublished).

pending in the Hamilton County Court of Common Pleas." (Doc. 20, p. 4). Apparently in support of this contention, petitioner submitted as additional "authority," the Ohio Court of Appeals' November 21, 2007 Decision affirming in part and reversing in part the trial court's judgment overruling a motion for withdrawal of guilty plea, which petitioner filed in April 2005 and later supplemented. (*See* Doc. 24).

This Court has authority to consider petitioner's Rule 60(b) motion to the extent petitioner challenges the denial of his motion to stay the instant proceeding while he exhausts pending state court remedies with respect to his "third motion to withdraw guilty plea." *See Gonzalez*, 545 U.S. at 532 n.4; *see also Post*, 422 F.3d at 424.

As discussed in the final Order issued on September 28, 2007 in this case, petitioner's trial counsel filed the first motion to withdraw petitioner's guilty plea prior to sentencing. (*See* Doc. 16, pp. 7-9). The three claims petitioner has alleged as grounds for relief in his federal habeas petition stem from the denial of this motion, and were raised to and considered by the state appellate courts in the direct review proceedings. (*See* Doc. 1, pp. 5-6; *see also* Doc. 3, Exs. H, K; Doc. 6, Ex. F).

It appears from the record, as supplemented by respondent in response to petitioner's motion, that petitioner filed a second motion to withdraw his guilty plea in April 2005, wherein he asserted that his sentence violated *Blakely*; he later supplemented the motion to add a claim that he was not informed when he entered his plea that he was not eligible for judicial release and that his property was subject to federal forfeiture. (*See* Doc. 26, Exs. 1, 3, 5). The motion was denied on October 26, 2006, and petitioner appealed that decision to the Ohio Court of Appeals, First Appellate District. (*See id.,* Exs. 7, 9-10).

On November 21, 2007, the Ohio Court of Appeals issued a decision finding that the trial court erred when it overruled the second motion to withdraw guilty plea before petitioner could file a timely reply to the State's opposition memorandum. (*Id.,* Ex. 13; *see also* Doc. 24). The state appellate court concluded, however, that such error was harmless except to the extent that petitioner claimed that his trial counsel was ineffective in failing to advise him that his property would be subject to forfeiture and that he was ineligible for judicial

7

release. The court held that "to the extent [petitioner] sought to withdraw his pleas on the ground of his trial counsel's ineffectiveness, the court's error in not permitting him to reply to the state's opposing memorandum was not harmless," and remanded the matter to the trial court "for further proceedings consistent with law and this decision." (*Id.*, pp. 6, 8). It appears that the matter is now pending before the trial court pursuant to the remand order.[6]

It further appears from the record, as supplemented by respondent, that petitioner filed his third motion to withdraw his guilty plea on October 22, 2006. (Doc. 26, Ex. 14). In that motion, petitioner raised the claims of ineffectiveness by his trial counsel, which he now asserts in his Rule 60(b) motion as substantive grounds for obtaining relief from judgment. (*See id.*). The trial court summarily denied the motion on October 16, 2007. (*Id.*, Ex. 16). It appears from the state court docket records that petitioner filed a notice of appeal from this decision on November 26, 2007, and that the Ohio Court of Appeals dismissed the appeal on December 20, 2007. (*See id.*, Ex. 19). Apparently, petitioner did not appeal further to the state supreme court; at this juncture, he is unable to do so because the 45-day period for filing a timely appeal to the Supreme Court of Ohio has expired. *See* Rule II, § 2(A)(1)(a) & § 2(A)(4)(a)-(b), Rules of Practice of the Supreme Court of Ohio.

Therefore, in sum, it appears that: (1) petitioner's second motion to withdraw guilty plea remains pending in the state courts pursuant to the Ohio Court of Appeals' November 21, 2007 remand order on a limited matter not pertinent to claims raised in the instant petition; and (2) petitioner has exhausted the state court remedies with respect to his third motion to withdraw guilty plea, which formed the basis for his motion to stay the instant proceeding. Even assuming petitioner's third motion to withdraw guilty plea were still pending before the state courts, and as discussed earlier, the ineffective assistance of counsel claims raised in that motion cannot be considered by this Court absent authorization by the Sixth Circuit, because they constitute a second or successive petition subject to the requirements of 28 U.S.C. § 2244(b). *See supra* pp. 5-6.

---

[6] By Entry filed December 17, 2007, a "Hearing on Court of Appeals Judg[]ment Entry" was scheduled to commence on February 26, 2008 before a Hamilton County Common Pleas Court judge. (Doc. 26, Ex. 17).

8

Before filing his federal habeas petition, petitioner exhausted the claims alleged in the petition as grounds for relief through the state direct review process. Petitioner neither asserted any of the claims alleged in his second or third motions to withdraw guilty plea as a ground for relief in his habeas petition, nor moved to amend the petition to add such claims as grounds for relief prior to the petition's dismissal with prejudice on September 28, 2007. Therefore, this case does not present the type of "unusual and extreme situation[] where principles of equity *mandate* relief" from judgment under Fed. R.Civ. P. 60(b)(6).

Accordingly, in conclusion, although the Court does not have jurisdiction to rule on petitioner's Rule 60(b) motion at this time, pursuant to the procedure adopted by the Sixth Circuit in *Hirsch,* the undersigned has reviewed the motion for the limited purpose of determining whether the Court "would be inclined to grant the motion." *See Reeves, supra,* 2007 WL 2381942, at *1; *cf. Muhammad, supra,* 2007 WL 2005559, at *1.

In this case, the undersigned concludes that petitioner's Rule 60(b) motion lacks merit, because: (1) the Court does not have jurisdiction to consider the motion to the extent petitioner seeks to advance substantive ineffective assistance of counsel claims, which must be construed as a second or successive petition forbidden by 28 U.S.C. § 2244(b); and (2) although the Court has authority to consider the motion to the extent petitioner challenges the denial of his motion for stay on exhaustion grounds, relief from judgment is not warranted in this case under the applicable catchall provision set forth in Fed. R. Civ. P. 60(b)(6).

### IT IS THEREFORE RECOMMENDED THAT:

The Court find that it is not inclined to grant petitioner's motion under Fed. R. Civ. P. 60(b)(6) for relief from judgment and that, therefore, a remand of the case by the Sixth Circuit to the District Court for the purpose of granting the motion is not warranted under the circumstances of this case.

Date: 3/1/08

cbc

Timothy S. Black
United States Magistrate Judge

K:\BRYANCC\2008 habeas orders\06-166deny Rule60(b)-postjmentmtn.wpd

9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

La'Mon Akemon,
Petitioner

vs

Case No. 1:06cv166
(Weber, S.J.; Black, M.J.)

Timothy Brunsman,
Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).